UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN LAPEER and LAUREN LAPEER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF HENDERSON, HENDERSON POLICE DEPARTMENT, HECTOR VILLA, THEDRICK ANDRES, ANTHONY BRANCHINI, DOE DEFENDANTS 1 through 20, and ROE DEFENDANTS 1 through 10,<br><br>Defendants. | Case No. 2:24-cv-00332-GMN-EJY<br><br><br>**ORDER** |

Pending before the Court is Defendants City of Henderson, Henderson Police Department, Thedrick Anders, and Anthony Branchini's Motion to Stay Discovery (the "Motion"). ECF No. 30. The Court considered the Motion, Plaintiffs' Opposition (ECF No. 34), and Defendants' Reply. ECF No. 38. The Court also considered Defendant Hector Villa's Joinder to the Motion. ECF No. 32. Separately pending is Plaintiffs' Proposed Discovery Plan and Scheduling Order. ECF No. 31.

**I.    The Discovery Stay is Granted to the Extent it Pertain to Claims Defendants Seek to Dismiss Through their Anti-SLAPP Motion**.

The parties agree that NRS 41.660(3)(e) supports a stay of discovery relating to claims asserted against Defendants Anders and Branchini subject to the Special Anti-SLAPP Motion to Dismiss awaiting the Court's decision. ECF Nos. 30 at 4; 34 at 2. The Court took a preliminary peek at the Anti-SLAPP Motion (ECF No. 7)[1] and confirms a stay is appropriate. Any alleged statements prompting the Anti-SLAPP Motion were made in the course of and to further an internal investigation into alleged misconduct by Mr. LaPeer. *Id*. However, Plaintiffs' Complaint recounts no statements made by Defendants Anders or Branchini, let alone statements that fall outside the protective standard established in NRS 41.637. ECF No. 1-3. In the absence of such allegations the

---

[1] The Court discusses the established "preliminary peek" standard in Section II below.

1

1  Court finds the Anti-SLAPP Motion has a high probability of success, discovery is not required to
2  resolve the Anti-SLAPP Motion, and the stay anticipated in NRS 41.660(3)(e) is properly applied.

3  **II.    Whether Discovery Should Proceed as to Plaintiffs' Remaining claims**.

4  A dispositive motion does not generally warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). "The party seeking a stay . . . has the burden to show good cause by demonstrating harm or prejudice that will result from the discovery." *Rosenstein v. Clark Cnty. Sch. Dist.*, Case No. 2:13-cv-1443-JCM-VCF, 2014 WL 2835074, at *3 (D. Nev. June 23, 2014), *citing* Fed. R. Civ. P. 26(c)(1) (internal quotation marks omitted). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the "heavy burden of making a strong showing" why the discovery process should be halted. *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (internal quotation marks omitted). When deciding whether to issue a stay, the Court must take a "preliminary peek" at the merits of the dispositive motion pending in the case. *Buckwalter v. Nevada Bd. of Med. Exam'rs*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. Mar. 7, 2011). In doing so, the Court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *Tradebay*, 278 F.R.D. at 602. Moreover, even if discovery will involve inconvenience and expense, this is insufficient, without more, to support a stay of discovery. *Turner Broad. Sys., Inc.*, 175 F.R.D. at 556. Motions to dismiss are frequently part of federal practice and "[a]n overly lenient standard for granting motions to stay all discovery is likely to result in unnecessary discovery delay in many cases." *Trzaska v. Int'l Game Tech.*, Case No. 2:10-cv-02268-JCM-GWF, 2011 WL 1233298, at *4 (D. Nev. Mar. 29, 2011).

Plaintiffs do not dispute that if Defendants' Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss (ECF No. 8) is successful it will be dispositive of their case. ECF No. 34 at 6. However, Plaintiffs contend this Motion to Dismiss (and Defendant Villa's Joinder) cannot be decided without conducting discovery. *Id*.

Defendants Anders and Branchini assert qualified immunity as a defense to Plaintiffs' claims. ECF No. 8 at 19-20. As explained in *Crawford–El v. Britton,* 523 U.S. 574, 597-98 (1998), "[w]hen

a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *See also Di Martini v. Ferrin,* 889 F.2d 922 (9th Cir. 1989); *Ramos-Quirate v. Omandac*, Case No. 2:23-cv-01778-RFB-NJK, 2024 WL 2836117, at *2 (D. Nev. June 3, 2024). Thus, the Court finds discovery is properly stayed relating with respect to all claims to which Defendants Anders and Branchini assert a qualified immunity defense.[2]

With respect to Plaintiffs' claims against the Henderson Police Department, the question remains whether this party is properly subject to suit. ECF Nos. 30 at 8, 38 at 6. The Court finds no discovery is properly conducted as to this Defendant before this legal question is answered.

Defendants argue that all statements made during an internal affairs investigation, such as the one that underlies this dispute, are privileged based on the quasi-judicial nature of the proceeding. ECF No. 30 at 7-8. While this question is not a matter of settled law, Defendants' argument is a strong one and the Court is convinced Defendants are likely to succeed.

Finally, the Court's review of Plaintiffs' Complaint reveals serious doubt that claims against the City of Henderson will survive as Plaintiffs do not plead facts supporting the elements of *Monell v. New Your City Dept. of Soc. Serv.*, 436 U.S. 658 (1978). And, even if the Court gives Plaintiffs an opportunity to amend their claims, the Court finds discovery is premature. The Court cannot predict whether Plaintiffs will choose to amend, how Plaintiffs will amend, or whether such amendment will result in the survival of any claim against any of the Defendants.

### III.  Order

Accordingly, IT IS HEREBY ORDERED that Defendants City of Henderson, Henderson Police Department, Thedrick Anders, and Anthony Branchini's Motion to Stay Discovery (ECF No. 30) is GRANTED.

---

[2] Plaintiffs' Complaint is silent with respect to whether Defendant Anders or Branchini is sued in his official or individual capacity. ECF No. 1-3. As pleaded, however, Plaintiffs' allegations appear insufficient to overcome the qualified immunity defense. *O'Brien v. Welty*, 818 F.3d 920, 936 (9th Cir. 2016). That is, even if the Court presumes Plaintiffs intended to sue Anders and Branchini in their individual capacities for money damages, the qualified immunity defense provides protection so long as they were performing discretionary functions and their conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer,* 536 U.S. 730, 731 (2002).

1   IT IS FURTHER ORDERED that discovery is stayed until such time as the Court resolves the Motions to Dismiss appearing on the docket as ECF Nos. 7, 8.

IT IS FURTHER ORDERED that if the outcome of the Motions to Dismiss does not result in the full and final resolution of this case the parties **must**, no later than fourteen (14) days after the Court issues its Order, file a status report identifying what claims remain against which Defendants and proposing a discovery plan and scheduling order addressing the remaining claims.

IT IS FURTHER ORDERED Plaintiffs' Proposed Discovery Plan and Scheduling Order (ECF No. 31) is DENIED without prejudice.

Dated this 16th day of July, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE